IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSHUA UZIEL HUNTER, :

    Petitioner, :
                                              CIVIL ACTION 09-0692-WS-M
v. :
                                       CRIMINAL ACTION 08-00053-WS-M
UNITED STATES OF AMERICA, :

    Respondent. :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 68). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 68) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Joshua Uziel Hunter. It is further recommended that a finding be made that Petitioner is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

Hunter was indicted on February 28, 2008 for carjacking, while in possession of a firearm, in violation of 18 U.S.C. §§ 2119 and 924(c) (Doc. 1). On April 17, 2008, Petitioner entered

into a plea agreement in which he admitted guilt on the charges against him (Doc. 28). On October 22, 2008, U.S. District Judge Steele sentenced Petitioner to 161 months on the two convictions as well as five years of supervised release following his release from prison, and an assessment of two hundred dollars (Doc. 64). Court records demonstrate that Hunter did not appeal either the convictions or sentences.

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on October 22, 2009 (Doc. 68). Respondent filed a response on December 24, 2009 (Doc. 71).

Hunter's Motion states that he wishes to bring the following claims to the Court's attention: (1) ineffective assistance of counsel; (2) possession of a firearm; and (3) carjacking (Doc. 68). This is all that Petitioner states in his one-page motion. Though given the opportunity to amend or supplement his Motion (Doc. 73),[1] Hunter has not done so.

The Court notes initially that the pleadings of *pro se* litigants are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "[t]hese allegations, mere conclusions, are not supported by a single allegation of fact."

---

[1] On January 21, 2010, Petitioner requested an extension of time (Doc. 72). That request was granted and Hunter was given until February 26, 2010 to amend or supplement his Motion (Doc. 73). As of this date, there have been no additional pleadings from Petitioner.

*Williams v. U.S.*, 367 F.2d 143 (5th Cir. 1966).[2] It is, therefore, unnecessary to have a hearing and this action may be dismissed. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) ("A petitioner is not entitled to an evidentiary hearing, however, "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'") (citations omitted). Petitioner has been given the opportunity to provide information regarding the claims asserted in his petition; his failure to prosecute this action requires that it be dismissed.

Hunter has asserted three claims in this petition. He has, however, provided no factual allegations to support those assertions. Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Joshua Uziel Hunter.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute

---

[2]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Hunter has provided no factual support for his assertions, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Hunter should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that

4

the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

**CONCLUSION**

The Magistrate Judge recommends that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be denied (Doc. 68). It is further recommended that a finding be made that Petitioner is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

```
        MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
           AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
               AND FINDINGS CONCERNING NEED FOR TRANSCRIPT
```

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a

5

brief setting forth the party's arguments that the
magistrate judge's recommendation should be reviewed <u>de
novo</u> and a different disposition made.  It is
insufficient to submit only a copy of the original
brief submitted to the magistrate judge, although a
copy of the original brief may be submitted or referred
to and incorporated into the brief in support of the
objection.  Failure to submit a brief in support of the
objection may be deemed an abandonment of the
objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 13th day of April, 2010.


                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE