# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 08-0053-WS-M |
| ) | |
| JOSHUA UZIEL HUNTER, ) | CIVIL NO. 09-0692-WS |
| ) | |
| Petitioner. ) | |

## ORDER

This matter is before the Court on petitioner Joshua Uziel Hunter's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 68) pursuant to 28 U.S.C. § 2255. Also before the Court is Hunter's second, amended Motion under 28 U.S.C. § 2255 (doc. 75), which was filed subsequent to the Magistrate Judge's entry of a Report and Recommendation (doc. 74) recommending that Hunter's original petition be dismissed.

## I.  Relevant Background.

On April 17, 2008, petitioner Joshua Uziel Hunter entered a guilty plea in this District Court to charged offenses of carjacking and carrying/using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2119 and 924(c). (Doc. 30.) On October 22, 2008, the undersigned sentenced Hunter to a term of imprisonment of 161 months, consisting of 77 months on the carjacking count and 84 months on the firearm count, said terms to run consecutively. (Doc. 64.) Hunter did not pursue a direct appeal; however, on October 22, 2009, he filed a one-page document styled "Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Motion under Title 28 U.S.C. § 2255" (doc. 68). In the body of this cursory filing, Hunter referred to it as "this Motion Title 28 U.S.C. § 2255, to vacate, ste [*sic*] aside or correct a sentence" and indicated that "the claims the petitioner will bring to the Court's attention are as follows; (1) Ineffective assistance of counsel. (2) Possession of a firearm. (3) Carjacking." (*Id.*) The Motion concluded with a statement that "[t]he affidavit will follow to complete the grounds the petitioner will cover." (*Id.*)

Yet Hunter did not follow up, as promised. No supporting affidavit or memorandum was filed either with the Motion or shortly thereafter, such that his § 2255 Motion consists of bare,

conclusory, unexplained allegations labeled "Ineffective assistance of counsel," "Possession of a firearm," and "Carjacking." Recognizing this glaring and obvious defect, Magistrate Judge Milling entered an Order (doc. 73) on January 21, 2010 authorizing Hunter to supplement or amend his petition on or before February 26, 2010. Hunter did not respond. The net result was that the Magistrate Judge was confronted with a facially defective § 2255 petition, the filer of which had disregarded an order providing him with a full and fair opportunity to supplement his filing. On that basis, the Magistrate Judge entered a Report and Recommendation (doc. 74) on April 13, 2010, recommending that the petition be denied and that no Certificate of Appealability issue, based on Hunter's failure to provide factual allegations to support his assertions and his failure to prosecute this matter.

The Report and Recommendation spurred Hunter into action. On April 30, 2010, he submitted to prison authorities for mailing a brand new Motion under 28 U.S.C. § 2255, as well as a document styled "Affidavit to Support Letter Filed Asking for an Extension of Time to File Title 18 U.S.C.S. Section 2255 Motion" (doc. 76). Reading these filings together, Hunter would now apparently bring the following claims for relief in this § 2255 proceeding: (a) a claim that this District Court wrongfully recharacterized his one-page October 2009 filing as a § 2255 motion, when in fact he merely intended for it to be "a letter asking for an extention [*sic*] of time to file 2255" (doc. 75, at 4);[1] (b) a claim that his counsel was ineffective because he "did not research at all," he "did not see the defects" in the Indictment, and he "failed to file an appeal"

---

[1] This contention is misguided on its face. As noted, petitioner's October 2009 filing was styled "Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Motion under Title 28 U.S.C. § 2255." Far from recharacterizing a letter or motion labeled something else as a § 2255 motion, as Hunter suggests, this District Court accepted Hunter's own characterization of his filing. This is not a *Castro* situation in which the district court "ignor[ed] the label attached to a pleading by a *pro se* litigant and recharacteriz[ed] it as a request for habeas relief under 28 U.S.C. § 2255." *Outler v. United States*, 485 F.3d 1273, 1279 (11th Cir. 2007). Far from distorting Hunter's intentions, the Magistrate Judge gave effect to them by treating Hunter's filing as the § 2255 motion he held it out to be. Besides, the Eleventh Circuit has explained that a "recharacterization cannot properly be called a violation of the Constitution or laws of the United States," and it does not restart the AEDPA limitations clock either. *Id.* at 1279-80. Thus, Hunter's attempt to parlay this District Court's acceptance of the label he provided on his October 2009 filing into a constitutional violation warranting § 2255 relief on a recharacterization theory is fatally flawed on multiple levels.

(doc. 76, at 2-3); (c) a claim that § 924(c) "is jumbled up in such ways that it not only punishes two separate offenses in a single count, but it makes the count duplicitous" (doc. 76, at 8); and (d) a claim of sentencing error that his sentence on the § 924(c) firearm count should not have run consecutively to his sentence on the § 2119 carjacking count.

## II.     Analysis.

As an initial matter, the Court concurs with the Magistrate Judge's assessment that Hunter's original § 2255 Motion is unacceptably vague and conclusory, and that Hunter's failure to correct this defect in a reasonably prompt manner when authorized to do so warrants dismissal of the petition. After all, it is well settled that bare, conclusory allegations of ineffective assistance are insufficient to warrant habeas relief. *See, e.g., Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient.") (citation omitted); *Smith v. Florida*, 2009 WL 2150897, *2 (M.D. Fla. July 13, 2009) ("Ground One is subject to dismissal without consideration because Petitioner's ineffective assistance of counsel claims are wholly conclusory and unsupported by any specific facts.").

Hunter's recent attempts to file a new § 2255 petition and reframe his original § 2255 petition (which he had expressly labeled as a "Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody") as a mere request for extension are unavailing. The threshold infirmity with Hunter's efforts to overhaul his § 2255 motion in April 2010 by setting forth, for the first time, the particular grounds on which he seeks relief is one of timeliness. The Antiterrorism and Effective Death Penalty Act ("AEDPA") creates a strict one-year limitation for § 2255 petitioners, such that Hunter was obligated to file his petition no later than one year after "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[2] Because Hunter did not pursue a direct appeal, his judgment of conviction became final on November 17, 2008, which was 14 days after the entry of judgment on November 3, 2008. *See*

---

[2] The statute provides for alternative triggers for the one-year period where "the movant was prevented from making a motion by ... government action," where a "right has been newly recognized by the Supreme Court and made retroactively applicable," or where the claim was based on newly-discovered facts. 28 U.S.C. § 2255(f)(2)-(4). Petitioner has not alleged, and there is no reason to believe, that any of those circumstances are applicable here; therefore, his AEDPA clock commenced running when his judgment of conviction became final.

*Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000) ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."); Rule 4(b)(1)(A)(i), Fed.R.App.P. (criminal defendant's notice of appeal must be filed in district court within 14 days after entry of judgment). Thus, by the clear provisions of AEDPA, any § 2255 Motion that Hunter might wish to submit was due by no later than November 17, 2009. By waiting until April 30, 2010 to provide his new § 2255 petition and affidavit to prison authorities for mailing, Hunter overshot the applicable statutory filing deadline by a considerable margin.³

To be sure, there are two possible mechanisms (neither of which petitioner has invoked) through which an untimely § 2255 motion such as Hunter's April 30 filing may be considered on the merits. First, equitable tolling of the one-year AEDPA filing deadline is available in "rare and exceptional circumstances" occurring when "a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (citations omitted); *see also Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) ("In the § 2255 context, equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.") (citations omitted). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308 (citation omitted); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004) ("The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."); *Jones*, 304 F.3d at 1040 ("[t]he petitioner has the burden of proving entitlement to

---

³ This defect is compounded by the fact that Hunter was afforded a reasonable opportunity to amend his § 2255 petition in January 2010, well before entry of the Report and Recommendation, yet he elected not to do so. As the Magistrate Judge noted, Hunter's failure to avail himself of the court-ordered opportunity to supplement or amend his petition by February 26, 2010 (see doc. 73) warrants dismissal of his § 2255 petition for failure to prosecute. *See, e.g., Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (explaining that Rule 41(b), Fed.R.Civ.P., "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order"); *Stallworth v. Jones*, 2007 WL 2904146, *1 (S.D. Ala. Oct. 2, 2007) ("An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order."). Rather than satisfying the Magistrate Judge's deadline for amending his petition, Hunter waited until more than two months later, following entry of the Report and Recommendation recommending dismissal. Hunter has provided neither explanation nor justification for his dilatory actions in this regard.

equitable tolling"). Here, Hunter has made no showing of extraordinary circumstances or diligence on his part to file his complete § 2255 motion prior to the 1-year AEDPA deadline. Because the record is devoid of evidence to satisfy either prong of the equitable tolling test, the Court cannot find that Hunter's untimely April 30 filing of § 2255 claims is rescued by principles of equitable tolling.

Second, an untimely habeas claim may be preserved in certain circumstances under the doctrine of "relation back," which "causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). "[F]or an untimely § 2255 claim to 'relate back' under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. ... Instead, in order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.* (citations omitted). "[N]ew claims alleging different trial errors [are] not part of the same course of conduct, and, as such, [do] not relate back to the date of the appellant's timely filed § 2255 motion." *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003); *see also Pruitt v. United States*, 274 F.3d 1315, 1319 (11th Cir. 2001) ("The *Davenport* rule makes it clear that the key factor is whether the amended claims arise from the same underlying facts as the original claims.").

As a threshold matter, the Court notes that Hunter has not requested the benefit of Rule 15(c) relation back principles. Indeed, his position (*i.e.*, that he never filed a § 2255 motion at all prior to his April 30 submission) would negate the availability of relation back to save his April 30 petition from the AEDPA time bar.[4] Assuming, however, that there is a timely § 2255 motion to which Hunter's untimely April 30 filing might relate back, the newly presented claims would

---

[4] Hunter has emphatically asserted that his April 30 filing constitutes his first and only § 2255 motion, and that his October 2009 filing was merely a request for extension. If that were true, then Rule 15(c) could have no conceivable application here for the simple reason that there would be no timely filed § 2255 petition to which Hunter's April 30 submission could relate back. Notwithstanding Hunter's adoption of a stance that is irreconcilable with relation back principles, the Court considers and addresses that doctrine anyway, in recognition of the possibility that petitioner may later think better of his present position.

fail a *Davenport* analysis. Hunter's § 2255 motion filed in October 2009 said nothing more than that he was asserting claims for "Ineffective assistance of counsel," "Possession of a firearm," and "Carjacking," with no information, elaboration or explanatory verbiage as to the nature and particulars of these claims. Simply put, those original, timely claims are delineated in such a cursory, inscrutable fashion, devoid of any substance, that Hunter's new claims presented in his April 30 filings cannot reasonably be said to arise from the same set of facts or the same conduct and occurrences as those timely claims from October 2009.

By way of example, merely mouthing the term "ineffective assistance" in Hunter's October 2009 petition does not automatically preserve his ability to amend his pleading with impunity long after the AEDPA deadline to interpose any particularized ineffective assistance claims he might see fit. *See United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.").[5] The Supreme Court has cautioned against expansive application of the relation back doctrine where old or new claims are presented at a high level of abstraction, reasoning that "[i]f claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Mayle v. Felix*, 545 U.S. 644, 662, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

---

[5] *See generally Davenport*, 217 F.3d at 1346 (ineffective assistance claim that counsel failed to inform petitioner of possible plea agreement does not relate back to original ineffective assistance claim based on counsel's failure to challenge chemical composition of drugs); *Espinosa v. United States*, 2009 WL 1741562, *2 (11th Cir. June 22, 2009) (where initial § 2255 motion alleged ineffective assistance of counsel at specific moments in trial and sentencing, newly raised ineffective assistance claims concerning counsel's pretrial performance do not relate back); *Mabry v. United States*, 336 Fed.Appx. 961, 964 (11th Cir. July 15, 2009) (new claim that counsel rendered ineffective assistance at sentencing by failing to assist court in computing correct guideline level does not relate back to original claim of ineffective assistance at sentencing based on failure to explain defendant's substantial assistance, in that "[a]lthough both claims involve counsel's performance at sentencing, they involve very different aspects of counsel's performance"); *McLean v. United States*, 2005 WL 2172198, *2 (11th Cir. Sept. 8, 2005) (no relation back where initial claim alleged "that counsel did not adequately prepare for trial," which is a "high level of generality" that could encompass "a plethora of potential claims regarding pretrial and trial errors").

Indeed, the strict AEDPA limitations period would be rendered illusory if a petitioner such as Hunter could circumvent it at will by filing a timely, albeit threadbare, "place holder" § 2255 petition incanting the vaguest of buzzwords about his claims, then avail himself of relation back principles to fill in those claims at his leisure after the one-year limitations period expires.[6] In light of Hunter's own pleading choices, and especially his vacuous initial filing, there is simply no record basis for concluding that the claims presented in his April 30 filing are tied to a common core of operative facts with those asserted in his October 2009 petition. Accordingly, the April 30 petition does not relate back to its predecessor, and is time-barred.

## III. Conclusion.

For all of the foregoing reasons, after due and proper consideration of all portions of the file deemed relevant to the issues raised, the undersigned **adopts** the Magistrate Judge's recommendation made under 28 U.S.C. § 636(b)(1)(B). The Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (doc. 68) is **denied**, and a Certificate of Appealability is **denied** pursuant to Rule 11(a) of the Rules Governing § 2255 Cases. Petitioner's Amended Motion to Vacate (doc. 75) is rejected as untimely pursuant to 28 U.S.C. § 2255(f).

DONE and ORDERED this 17th day of May, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] If Hunter were entitled to the benefit of relation back on this record, then any habeas petitioner could easily subvert AEDPA's temporal restrictions by filing an opaque place holder petition that describes the grounds for relief by skeletal references to generalities like "ineffective assistance," "guilty plea," "sentencing," "firearm," and so on, then rely on Rule 15(c) to amend the petition to lend form and substance to those grounds, long after expiration of the one-year deadline.