# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 08-0053-WS-M** |
| | ) | |
| **JOSHUA UZIEL HUNTER,** | ) | **CIVIL NO. 09-0692-WS** |
| | ) | |
| **Petitioner.** | ) | |

## ORDER

This closed § 2255 proceeding comes before the Court on petitioner's Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b) (doc. 79).

In October 2008, petitioner, Joshua Uziel Hunter, was sentenced by this Court to a term of 161 months' imprisonment on carjacking and firearms charges following a guilty plea. Hunter did not file a direct appeal; however, in October 2009, he filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Hunter's threadbare motion stated, without explanation or elaboration, that the grounds he wished to pursue in his collateral attack were "Ineffective assistance of counsel," "Possession of a firearm," and "Carjacking." When Hunter failed to supplement or amend his § 2255 motion, the Magistrate Judge entered a Report and Recommendation (doc. 74) on April 13, 2010, recommending dismissal of Hunter's petition for failure to provide factual allegations to support his assertions and failure to prosecute. Hunter responded to the Report and Recommendation on April 30, 2010, by filing a new § 2255 motion and identifying four grounds for relief that he had not previously asserted. On May 17, 2010, the undersigned entered an Order (doc. 77) adopting the Report and Recommendation and rejecting Hunter's amended § 2255 motion as untimely pursuant to 28 U.S.C. § 2255(f).

Nearly two months after the dismissal of his § 2255 motion, Hunter filed a motion for relief from judgment pursuant to Rule 60(b), Fed.R.Civ.P. As grounds for this request, Hunter contends that this Court failed to review and consider Hunter's "Letter Motion Filed On January 28, 2010." (Doc. 79, at 1.) According to Hunter, Rule 60(b) relief is necessary to remedy "a 'judicial travesty' caused by this Court's failure to simply read and address petitioner's one and only § 2255 petition." (*Id.* at 4.) Attached to Hunter's Rule 60(b) Motion is an exhibit that

purports to be a "Letter Motion" dated January 28, 2010 wherein Hunter identifies his sole ground for § 2255 relief as being a claim of ineffective assistance of counsel predicated on his lawyer's alleged failure to file an appeal after being requested to do so. The Letter Motion is accompanied by Hunter's declaration under 28 U.S.C. § 1746 that he deposited said motion, properly addressed and with first-class postage affixed, in the prison legal mailbox on January 28, 2010.

Hunter's attempt to parlay the January 28 Letter Motion into Rule 60(b) relief from the Order and Judgment dismissing his § 2255 motion is unavailing for at least three reasons. First, Hunter's suggestion that he is a victim of a "judicial travesty" because this Court never addressed his Letter Motion is misguided. The undersigned never reviewed or considered the Letter Motion because, for whatever reason, it was never received by the Clerk of Court for docketing, and therefore was not available in the court file as of May 17, 2010, when Hunter's § 2255 motion was denied.[1] Second, Hunter could have brought the Letter Motion to this Court's attention in objections to the Report and Recommendation (which was predicated, in part, on the Magistrate Judge's observation that Hunter had not amended or supplemented his barebones petition) prior to the dismissal of his § 2255 motion; however, for whatever reason, he elected not to do so. It was obvious from the Report and Recommendation that the Magistrate Judge was unaware of the Letter Motion, yet Hunter chose to remain silent by not bringing the existence of that filing to this Court's attention via timely objections. Rule 60(b) relief is not appropriate to remedy a movant's own failure to notify the court of relevant information and objections at an earlier time. *See generally Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (when deciding Rule 60(b) motion, district court

---

[1]     It is true that under the prison mailbox rule, Hunter's Letter Motion was deemed filed as of January 28, 2010, irrespective of whether it was ever received or filed by the Clerk's Office. *See generally Allen v. Culliver*, 471 F.3d 1196, 1198-99 (11th Cir. 2006). The point is not that the Letter Motion was never filed for *Houston v. Lack* purposes, but that Hunter's insinuation that judicial officers callously ignored his Letter Motion is simply counterfactual. Judges cannot read materials that have never been received for filing.

should consider factors "[t]hat final judgments should not lightly be disturbed" and whether "the movant had a fair opportunity to present his claim or defense" previously).

Third, and more fundamentally, Hunter's Rule 60(b) motion fails because the Letter Motion would not have made any meaningful difference in this Court's analysis and determination that denial of his § 2255 motion was warranted. Recall that the May 17 Order examined in detail the timeliness of Hunter's amended § 2255 motion filed in April 2010, and that the May 17 Order found that "there is simply no record basis for concluding that the claims presented in his April 30 filing are tied to a common core of operative facts with those asserted in his October 2009 petition. Accordingly, the April 30 petition does not relate back to its predecessor, and is time-barred." (Doc. 77, at 7.) The Letter Motion of January 28, 2010 is untimely for exactly the same reasons as Hunter's amended § 2255 motion filed on April 30, 2010. Like the amended habeas petition, Hunter's Letter Motion was filed well after the one-year AEDPA period had expired. Like the amended habeas petition, the Letter Motion was not rescued from noncompliance with the AEDPA deadline by principles of equitable tolling because Hunter has shown neither extraordinary circumstances nor diligence in not filing a complete § 2255 motion prior to that deadline. And like the amended habeas petition, the Letter Motion does not relate back under Rule 15(c) for the reasons set forth on pages 5 through 7 of the May 17 Order.

For all of the foregoing reasons, Hunter's Motion for Relief from Judgment Pursuant to Rule 60(b) (doc. 79) is **denied**.


DONE and ORDERED this 21st day of July, 2010.


s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE