**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )  | |
| ) | |
| **v.** )  | **CRIMINAL NO. 08-0053-WS** |
| ) | |
| **JOSHUA HUNTER,** )  | |
| ) | |
| **Defendant.** )  | |

**ORDER**

This matter comes before the Court on defendant Joshua Hunter's Motion for
Reconsideration (doc. 102). In his Motion, Hunter requests that the undersigned "consider a
reduction of sentence" based on a re-weighing of the factors set forth in 18 U.S.C. § 3553(a),
including particularly Hunter's extensive participation in academic and vocational programs in
prison, the positive assessment in his Inmate Skills Development Plan, favorable
recommendation letters, Hunter's specific plans for employment upon release from prison, and
his letter of apology to the victim of his carjacking offense.

The fundamental problem with Hunter's Motion is his assumption that federal courts are
permitted to reduce a defendant's sentence, even years after the fact, at any time and for any
reason.  As this Court has previously explained to Hunter via Order (doc. 98) entered on April
30, 2012, such an assumption is incorrect.  Indeed, the law is quite clear that "[t]he authority of a
district court to modify an imprisonment sentence is narrowly limited by statute." *United States
v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010).  "A district court may not modify a term of
imprisonment once it has been imposed, except in some cases where modification is expressly
permitted by statute or Fed.R.Crim.P. 35." *United States v. Jackson*, 613 F.3d 1305, 1308 (11th
Cir. 2010).  Neither Rule 35 nor any statute authorizes modification of a sentence under the
circumstances described by Hunter.

To be sure, Hunter selectively quotes a portion of 18 U.S.C. § 3582(c)(2), suggesting that
"the court may reduce the term of imprisonment, after considering the factors set forth in section
3553(a) …, if such a reduction is consistent with applicable policy statements issued by the
Sentencing Commission."  (Doc. 102, at 1.)  By the plain terms of the statute, however, §

3582(c)(2) relief is only available "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*)."  18 U.S.C. § 3582(c)(2).  Hunter's sentencing range has <u>not</u> been lowered by the Sentencing Commission, nor has any such reduction been made retroactive; therefore, he is ineligible for sentence modification under that statute, as a matter of law.  *See, e.g., Dillon v. United States*, 560 U.S. 817, 825-26, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (explaining that § 3582(c)(2) "applies only to a limited class of prisoners – namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission"); *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Section 3582 only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission.").

The point is that § 3582(c)(2) does not authorize district courts to tinker with a previously imposed sentence whenever they wish, regardless of how laudable or exemplary a defendant's post-sentencing conduct and rehabilitation efforts have been.  Without a retroactively applicable Guideline amendment, which simply does not exist here, the statute does not apply and the District Court lacks jurisdiction to grant the sort of relief Hunter is requesting.  All of this has previously been explained to Hunter in this Court's Order (doc. 98) dated April 30, 2012.

For all of these reasons, the Motion for Reconsideration is **denied**.  Insofar as Hunter may wish to appeal, the Court hereby **certifies** that any such appeal from this Order would be plainly frivolous and not made in good faith.  Accordingly, Hunter will not be permitted to pursue an appeal *in forma pauperis*.

DONE and ORDERED this 23rd day of April, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE