**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 08-0053-WS** |
| | ) | |
| **JOSHUA HUNTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on defendant Joshua Hunter's latest Motion for Resentencing (doc. 106).  On November 3, 2008, the undersigned sentenced Hunter to a term of imprisonment of 77 months for carjacking, in violation of 18 U.S.C. § 2119; and a mandatory, consecutive term of imprisonment of 84 months for possession of a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c).  In his most recent filing, Hunter urges the Court to resentence him so that the § 924(c) sentence is either vacated or runs concurrently with the carjacking sentence, rather than consecutively.  In support of his request, Hunter touts his rehabilitation efforts in prison, identifies the many academic and vocational programs in which he has successfully participated, and explains that he is a changed man who is now ready to re-enter society.  Based on these circumstances, Hunter requests that this Court give him a "second chance" by vacating or altering his sentence at this time.

The fundamental problem with Hunter's Motion is his assumption that federal courts are empowered to reduce a defendant's sentence, even years after the fact, at any time, based on compassion and evidence of rehabilitation.  This assumption is incorrect.  The Court has explained this legal reality to Hunter on multiple occasions in the past, including Orders entered on April 30, 2012, October 18, 2013, and April 23, 2015.  (*See* docs. 98, 100, 103.)  The law is pellucidly clear that "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute."  *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed").  "A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is

expressly permitted by statute or Fed.R.Crim.P. 35." *United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010). Neither Rule 35 nor any statute authorizes modification of a sentence under the circumstances described by Hunter. Federal law simply does not authorize district courts to tinker with a previously imposed sentence whenever they wish, regardless of how laudable or exemplary the defendant's post-sentencing conduct and rehabilitation efforts might be. All of this has been explained to Hunter repeatedly in the above-referenced Orders that have previously been issued in this case. It is not a question of the Court's "mercy and grace," as Hunter's Motion frames it. The Court does not have jurisdiction to take action in these circumstances, and cannot entertain this Motion any more than it could Hunter's previous requests for relief.[1]

For all of these reasons, the Motion for Resentencing is **denied**. Insofar as Hunter may wish to appeal, the Court hereby **certifies** that any such appeal from this Order would be plainly frivolous and not made in good faith. Accordingly, Hunter will not be permitted to pursue an appeal *in forma pauperis*.

DONE and ORDERED this 27th day of April, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] This conclusion is not altered by Hunter's characterization of this Motion as a "Holloway request." In *United States v. Holloway*, 68 F. Supp.3d 310 (E.D.N.Y. 2014), a district court granted sentencing relief to a defendant despite the absence of any viable legal avenues for doing so, where the U.S. Attorney's Office expressly agreed to vacatur of two of the defendant's § 924(c) convictions. The opinion is quite clear that without such an agreement from the Government, the court would have been unable to reduce the defendant's sentence. Here, in contrast to *Holloway*, there is no indication that the Government would be amenable to a *Holloway*-style vacatur of Hunter's § 924(c) conviction. Moreover, *Holloway* is a nonbinding district court decision from another jurisdiction. In short, *Holloway* lends no support to Hunter's request, and does not affect the legal conclusions set forth above. *See, e.g., United States v. Sumner*, 210 F. Supp.3d 21, 24 (D.D.C. 2016) ("*Holloway* does not provide the Court with a basis to reduce Mr. Sumner's sentence" where "the government opposes Mr. Sumner's request that his sentence be reduced"); *Brown v. United States*, 2016 WL 4745822, *2 (N.D. Ohio Sept. 13, 2016) ("*Holloway* does not create an actionable new right under federal law."); *Acuna v. United States*, 2016 WL 3747531, *3 (D. Haw. July 8, 2016) ("The Government's approval is an essential element in granting relief under the *Holloway* decision. … This court has no authority to reduce a sentence absent such approval from the Government.").